**CV - 13 2428**

## SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------

WILLIAM B. HUNTE
on behalf of himself and
all other similarly situated consumers

              Plaintiff,

    -against-

MONARCH RECOVERY MANAGEMENT, INC.

          Defendant.

----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    APR 22 2013    ★

LONG ISLAND OFFICE

# VITALIANO, J.

# REYES, JR, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff William B. Hunte seeks redress for the illegal practices of Monarch Recovery
   Management, Inc. concerning the collection of debts, in violation of the Fair Debt
   Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section § 1692(a)(3) of the FDCPA, in
   that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in
   Philadelphia, Pennsylvania.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
   consumers.

-1-

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
     1692(a)(6).

### *Jurisdiction and Venue*

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §
     1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
     transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to William B. Hunte*

9.   Upon information and belief, on a date better known by Defendant, Defendant began to
     attempt to collect an alleged consumer debt from the Plaintiff.

10.  On or about December 3, 2012, Defendant sent the Plaintiff a collection letter seeking to
     collect a balance allegedly incurred for personal purposes.

11.  Said letter stated in pertinent part: "This is to advise you that your account has been
     transferred to our office for collection by CITIBANK, N.A. As of the date of this letter
     you owe $3869.97 The amount due on the day you pay may be greater as interest, late
     fees, and other charges may be added by the creditor. Hence, if you pay the total balance
     due shown above, an adjustment may be necessary after we receive your payment. You
     may call us at 1-800-220-0605 at any time to check your outstanding balance. If you
     choose to pay the balance in full, the creditor is willing to accept a settlement of 40% of
     the total balance due, which is ***$1559.89*** as of the date of this letter. Please note
     that this settlement amount will change if the total balance due changes. The offer does
     not cancel nor override your dispute rights set forth below."

7.    Said language is vague as to a mechanism for the consumer to determine exactly how much the debt will be on a date certain.

8.    The Seventh Circuit in *Miller v. McCalla* suggested certain language giving the consumer the opportunity to call or write to find out the exact amount due.

12.   Said language also threatens "late fees, and other charges" of which the Defendant does not engage.

13.   In addition, the said letter does not provide a mechanism for the consumer to determine the exact amount of the total balance due and if the settlement amount will be in effect if the consumer pays the said $1559.89

14.   The said language leaves the Plaintiff unsure of the final amount of the debt; i.e. once she has paid the said amount, will this be the final amount or would she be subjected to more fees.

15.   The least sophisticated consumer may be led to think that he is in default on the agreement.

16.   Defendant's letter is in violation of 15 U.S.C. §§ 1692e(5) and 1692e(10) for engaging in deceptive practices.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

17.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through sixteen (16) as if set forth fully in this cause of action.

18.   This cause of action is brought on behalf of Plaintiff and the members of a class.

-3-

19.    The class consists of all persons whom Defendant's records reflect resided in the State

of New York and who were sent a collection letter in substantially the same form as the

letter sent to the Plaintiff on or about December 3, 2012; and (a) the collection letter was

sent to a consumer seeking payment of a personal debt purportedly owed to CITIBANK,

N.A.; and (b) the collection letter was not returned by the postal service as undelivered;

(c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(5)

and 1692e(10) for false threats of deceptive actions.

20.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A) Based on the fact that a form collection letter is at the heart of this litigation, the class is

so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions

predominate over any questions affecting only individual class members. The principal

question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who receive such

collection letters, (*i.e.* the class members), a matter capable of ministerial determination

from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on

the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The

Plaintiff has retained counsel experienced in bringing class actions and

collection-abuse claims. The Plaintiff's interests are consistent with those of the

-4-

members of the class.

21.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

23.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

24.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

25.    Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. §

-5-

1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
April 18, 2013

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-6-

# MONARCH
### Recovery Management, Inc.

10604 Ocean Parkway
Philadelphia PA 19154-3210
RETURN SERVICE REQUESTED

December 3, 2012

| | |
|---|---|
| Principal $: | |
| Interest $: | |
| Total Balance: | $1519.97 |

Make Check Payable to: Chexsys Credit Services
MONARCH RECOVERY MANAGEMENT, INC.
P.O. BOX 16118
PHILADELPHIA PA 19114-0248

KATIE OWENS
2251 Troutman
Brooklyn NY 11385-9915

**ACCOUNT INFORMATION**

| Our Client: | | Creditor: CITIBANK, N.A. | |
|---|---|---|---|
| | December 3, 2012 | | |
| Account # | | | |
| Total Balance due: | 3103106 | Amount now owed: $1519.97 | |

*Detach and Return Top Portion to Expedite Your Account*

This is to advise you that your account has been transferred to us for collection for CITIBANK, N.A.

As of the date of this letter, you owe $1519.97. The amount due on the day you pay may be larger as interest etc...

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid...

KATIE OWENS, DEBT COLLECTOR EXT 2522

New York City Department of Consumer Affairs, License #1240561 and #1343056

Yours truly,